AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Rondell COLEMAN<br><br>*Defendant(s)* | Case No.<br><br>3:26 MJ 051 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 1, 2026__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC s. 922(o) & 924(a)(2) | knowing possession of a machinegun |
| 18 USC s. 922(j) & 924(a)(2) | knowing possession of a firearm, knowing that the firearm had been stolen |

This criminal complaint is based on these facts:

See Attached Affidavit of Timur J. Housum

☑ Continued on the attached sheet.

*Complainant's signature*

Timur J. Housum, SA of the ATF
*Printed name and title*

Sworn to by reliable electronic means -- namely, telephone.

Date: 2/3/2026

*Judge's signature*

City and state: Dayton, Ohio

Caroline H. Gentry, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Timur J. Housum ("Affiant"), being duly sworn, depose and state the following:

1. I have been employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since July of 2015. As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator Training Program, located in Glynco, Georgia. I graduated from the ATF Special Agent Basic Training Academy, located in Glynco, Georgia, in February of 2016. I am currently assigned to a Violent Offender Crime Task Force that investigates criminal organizations in the Southern Judicial District of Ohio. Prior to my employment with ATF, I was an Officer with the Uniformed Division of the United States Secret Service and was employed in that position from February of 2011 through July of 2015 where I received additional training. I have been involved in numerous investigations of Federal firearms and narcotic violations. These investigations have resulted in the arrest and conviction of criminal defendants.

2. I make this affidavit in support of a criminal complaint and arrest warrant for **Rondell COLEMAN,** for violations of: 18 U.S.C. §§ 922(o) and 924(a)(2) (knowing possession of a machinegun); and 18 U.S.C. §§ 922(j) and 924(a)(2) (possession of a stolen firearm knowing it to have been stolen).

3. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews and reports by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

4. On or about February 1, 2026, at approximately 12:35pm, uniformed officers of the Dayton Police Department were dispatched to 163 Church Street for a domestic violence complaint. Upon arriving on scene, officers made contact with the victim who answered and opened the door stating to the officers: "I need you to get him out of here." Officers then entered the residence and observed the suspect, later identified as Rondell COLEMAN, sitting in a chair in the corner of the living room. Officers approached COLEMAN and tried to talk to him. Officers stated COLEMAN stood up and began walking out of the living room; officers again asked to speak with him. Officers further stated COLEMAN continued to walk through the next room away from officers and headed toward the upstairs of the residence. Officers told COLEMAN to stop; however, COLEMAN continued to attempt to go up the stairs.

5. Only after continued attempts to stop and talk with COLEMAN, did officers detain COLEMAN and begin to walk him to the front door. Officers observed COLEMAN try to reach into his left pocket after being told repeatedly to stop placing his hands towards his pocket

1

and inner waistband. COLEMAN again began to reach inside his pants and that is when Officers placed him in handcuffs and performed a pat down for officer safety.

6. Officers stated that, during the pat down, they felt what was immediately apparent to be a handgun in COLEMAN's left pant leg near his left knee. Upon removing the firearm from COLEMAN, officers identified the gun as a pistol with a selector switch installed on the backplate and an extended magazine. The firearm was further identified as a dark green in color Palmetto State Armory Dagger Compact, 9mm caliber pistol, bearing serial number FG211338, with a red suspected machine gun conversion device attached and a high-capacity magazine. The pistol had approximately 21 live 9mm rounds in the magazine. I have spoken with ATF SA Chris Reed, who has training in identifying where firearms are manufactured; SA Reed confirmed that Palmetto State Armory Dagger Compact pistols are not made in Ohio and therefore had to cross a state line to reach COLEMAN in this state.

7. Officers removed COLEMAN from the residence and placed him in the back of the cruiser while another officer went back to interview the victim. The victim identified COLEMAN as her boyfriend and the father of their 3-month-old child. The victim stated COLEMAN got angry and started hitting her over an argument about their responsibilities over taking care of their child. The victim stated she texted a friend to call the police.

8. The victim stated that COLEMAN had physically fought her on more than one occasion and had busted her lip when he hit her the day before. The victim also stated that COLEMAN had been arrested previously for domestic violence when he threatened to kill their 3-month-old child. Officers took photos of the physical injuries to the victim's lip and screen shots of her text messages with the friend. The victim also stated having injuries to her chest area but due to the sensitive area no photos were taken. Officers noted the 3-month-old baby was in the room during this reported domestic violence incident.

9. Officers conducted an interview of the victim's mother who stated they had attempted to press charges on COLEMAN for the last domestic violence arrest, but the victim refused to press charges for fear that COLEMAN would kill her.

10. Officers conducted an interview of COLEMAN and read him his Miranda Warnings. COLEMAN agreed to speak with officers and stated that he stole the pistol from a car but could not tell officers where the car was located, when this occurred, or whose car it was. COLEMAN went on to state that, when he first took the firearm, he was unaware of the selector switch; however, when he got home, COLEMAN recognized the selector switch and its purpose. When asked to explain, COLEMAN stated the switch either let the firearm fire fully automatic or in three round bursts, but he was unsure which as he had never fired the gun.

11. Officers stated COLEMAN was arrested without incident and transported to the Montgomery County Jail for processing.

12.     A records check was conducted of the National Firearms Registration and Transfer Record, the central registry of all restricted weapons, including machineguns. The search showed that no machine guns were registered to Rondell COLEMAN.

13.     Your Affiant contacted ATF Firearms Enforcement Officer (FEO) John Miller for analysis of the firearm and attached device. FEO Miller confirmed the firearm and attached device to the rear of the pistol slide was in fact consistent in size, shape, and configuration with all other Machinegun Conversion Devices of this type (e.g. Glock switches) that he had encountered as a Firearms Enforcement Officer.

14.     Your affiant conducted a criminal record check related to COLEMAN. The check revealed two separate domestic violence arrests since the beginning of 2026 – specifically, on January 17, 2026, and the most recently on February 1, 2026.

15.     Based on the aforementioned facts, I respectfully submit that there is probable cause to believe that on or about February 1, 2026, in the Southern District of Ohio, Rondell COLEMAN, violated 18 U.S.C. §§ 922(o) and 924(a)(2) (knowing possession of a machinegun); and 18 U.S.C. §§ 922(j) and 924(a)(2) (possession of a stolen firearm knowing it to have been stolen).

**Further affiant sayeth naught.**

*Timur J. Housum*

Timur J. Housum
**Special Agent, ATF**
**Dayton, Ohio**

Subscribed and sworn to ~~before me~~ by telephone on this 3rd day of February 2026.

Honorable Caroline H. Gentry
**United States Magistrate Judge**

3